# Exhibit "A"

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
YUSEN TERMINALS, LLC., CARL LOVIO, Does 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Angela Camp

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY
MAY 29 2020
CLERK OF THE SUPERIOR COURT
By CROGERS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* RG20062737

Alameda Superior Court
1225 Fallon St
Oakland CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cory A. Birnberg 105468 Birnberg & Associates
1083 Mission Street, Third Floor (415) 398-1040
San Francisco, CA 94103

DATE: MAY 29 2020           Clerk, by CROGERS, Deputy
*(Fecha)*                    *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Yusen Terminals LLC
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* corporation code 17061
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Camp, Angela

BIRNBERG & ASSOCIATES
Cory A. Birnberg, Esq. (SB #105468)
1083 Mission St., Third Floor
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001

Attorneys for Plaintiff
ANGELA CAMP

ENDORSED
FILED
ALAMEDA COUNTY

MAY 29 2020

CLERK OF THE SUPERIOR COURT
By_____
                            Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| ANGELEA CAMP, <br><br> Plaintiff, <br><br> v. <br><br> YUSEN TERMINALS, LLC., CARL LOVIO, DOES 1 to 20, inclusive, <br><br> Defendants. | Case No.: **RG20062737** |

## GENERAL ALLEGATIONS

Plaintiff, ANGELA CAMP, (hereinafter "Plaintiff") complain of Defendants YSUEN TERMINALS LLC AND CARL LOVIO and DOES 1 through 20, inclusive, and allege:

1. Plaintiff was employed by Defendant YUSEN TERMINALS, LLC (hereinafter "YUSEN") over a period of 1.5 years as a temporary clerical worker.

1

2. Defendant YUSEN TERMINALS LLC, at all relevant times has offices in Oakland at 1717 Middle Harbor Rd, Oakland CA and, upon information and belief the corporate headquarter of YUSEN is 701 New Dock Street, Terminal Island CA 90731.

3. Defendant CARL LOVIO (hereinafter "LOVIO") at all relevant times was Plaintiff's supervisor in the YUSEN Oakland office.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues those defendants by fictitious names. Plaintiff is informed and believe, and thereon allege, that each of these defendants are negligently or otherwise responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to the Plaintiff as herein alleged.

4   At all times herein mentioned, Defendants named were the agents, servants, and employees of their co-defendants, and each of them, and at all times, were acting within the full course and scope of that agency, service, and employment.

## FACTS

5. Plaintiff was hired as a temporary worker by YUSEN IN Oakland. Eventually all temporary workers became permanent, but Plaintiff was never hired as permanent. At all relevant times, Plaintiff registered every quarter on the union list for employment. The YUSEN Oakland office had extraordinarily little turnover. Plaintiff received excellent reviews until she began to complain of discrimination. Plaintiff was given more work at the beginning of her employment, especially when one temporary worker quit. As other temporary workers came in, they were given more work, and even given full time work. Carl Lovio offered 2 younger temporary workers, with less seniority

BIRNBERG &
ASSOCIATES
1083 MISSION ST
THIRD FLOOR
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

2

more consistent hours. Plaintiff was never given full time work. A permanent worker retired, and Plaintiff was not promoted as a permanent employee or given more hours. At all relevant times, it appears preferences were given to Asian workers, and younger workers. Even though Plaintiff was eligible and more senior than new temporary workers, the newer and younger temporary workers were given preference and more work. LOVIO indicated in texts that work was given out by seniority, but repeatedly, younger, and less senior temporary workers were given work. YUSEN and LOVIO favored younger Asian female workers and younger Caucasian male workers over the Plaintiff. LOVIO also indicated in his texts that no hours could be guaranteed, yet newer and younger temporary workers were given guaranteed regular hours. In addition, younger Asian males were preferred over the Plaintiff. When work was offered to Plaintiff, the only work given to the Plaintiff was with 1-2 hours' notice, after weeks after texting LOVIO for more work. Sometimes, LOVIO would wait until Plaintiff was out of the state, and then offer work. When LOVIO hired new young female Asians temp workers, he guaranteed them set hours. After Plaintiff reported these discriminatory practices, YUSEN began to fill Plaintiff's personnel file with poor evaluations and not provide her with work. Plaintiff only complained about the younger and new temporary workers getting more hours and guaranteed hours. When Plaintiff complained of discrimination, she began to receive poor personnel reviews, and virtually no work. Plaintiff alleges that some of the younger, less senior temporary workers received permanent assignments.

6. Plaintiff reported these facts to the Department of Fair Employment and Housing Administration and received a right to sue letter.

3

7. Plaintiff experienced retaliation because she reported or resisted any form of discrimination or harassment *and* as a result was laid off, suspended, demoted, and denied any employment benefit or privilege.

8. YUSEN and LOVIO engaged in age discrimination by providing more hours, guaranteed hours, and permanent position to younger works.

## FIRST CAUSE OF ACTION
## DISCRIMINATION/HOSTILE WORK ENVIRONMENT
## AGE DISCRIMINATION (Against All Defendants)

9. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 8 of this Complaint.

10. Defendants were at all material times an employer within the meaning of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000e, et seq., Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq., and, as such, are barred from discriminating, retaliating, or harassing persons on the basis of age or sex, as set forth in those statutes.

11. Plaintiff was at all material times an employee covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq., prohibiting harassment and/or discrimination on the basis of age, race, color and/or sex.

12. Defendants, and each of them, engaged in a pattern and practice of discriminating and harassing plaintiff, on the basis of age, color, race and sex in violation of

4

1  federal civil rights laws, by engaging in a course of conduct that included but was not
2  limited to the following: hiring of younger, Asian males, and younger white males, and
3  younger temporary workers, who were give more work, guaranteed hours, and permanent
4  positions.

6  13.  The Plaintiff reported the foregoing conduct, harassment, discrimination and
7  age discrimination, to YUSEN, however YUSEN claims it made an investigation, but such
8  investigation and interviews were not revealed to the Plaintiff, and YUSEN concluded that
9  Plaintiff was not discriminated by her race (African-American) and closed its investigation
10 on December 21, 2018.

12  14.  LOVIO'S superiors were aware of the treatment of Plaintiff and took no
13 action to protect her, and in fact engaged in a cover up of the investigation with no result.
14 Even though Plaintiff remained eligible for work, the last time Plaintiff was called to work
15 was in March 2019. As a proximate result of the race, color, age discrimination, failure to
16 take remedial action as alleged above, Plaintiff was hurt in her health, strength and activity,
17 sustaining injury to her nervous system and person, all of which have caused Plaintiff great
18 mental, physical and nervous pain and suffering. Plaintiff has suffered general damages in
19 an amount to be proved at trial.

22  15.  In addition, Plaintiff has lost income and emoluments to which she would
23 have been entitled had she been properly employed at YUSEN without discrimination.
24 Plaintiff is entitled to recovery of such damages in an amount to be proven at trial.

26  16.  By reason of the conduct of the defendants and each of them as alleged
27 herein, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is

BIRNBERG &
ASSOCIATES
1083 MISSION ST.
THIRD FLOOR
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

1. therefore entitled to reasonable attorneys' fees and litigation expenses incurred in bringing this action.

## SECOND CAUSE OF ACTION

## FOR RACIAL DISCRIMINATION

17. Plaintiff **incorporates** paragraphs 1-16 as though fully set forth herein.

18. This is an action for racial discrimination in employment brought pursuant to the Civil Rights Act of 1866, Title 42 United States Code Section 1981, for remedies for employment discrimination on account of race by defendants YUSEN and LOVIO. Plaintiff alleges that defendants have intentionally and purposefully failed to provide work as set forth above, and failed to promote, failed to provide work hours to plaintiff on account of her race. By this action, plaintiff seeks all legal and equitable relief to which she may be entitled, including but not limited to back pay, front pay, compensatory and punitive damages, attorney's fees and costs, prejudgment interest, against defendants YUSEN and LOVIO.

19. Plaintiff is Afro-American.

20. Plaintiff is an adult person who resides in the County of San Mateo, State of California.

21. Plaintiff is or was an employee of defendant YUSEN.

22. Defendant YUSEN is a California LLC, *e.g.*, a corporation organized and incorporated under the laws of the State of California with its principal place of business in Terminal Island California with offices at the Port of Oakland and engaged in the business of stevedoring services.

BIRNBERG &
ASSOCIATES
1083 MISSION ST.
THIRD FLOOR
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

23. Jurisdiction of the subject matter of this action is established in this court by Title 42 United States Code Section 1981, and Title 28 United States Code Section 1343(4).

24. Based upon the facts set forth in paragraphs 1-16 Plaintiff was not given work hours, promotions, guaranteed work hours, and consistent employment because of her race.

25. At all times relevant to this action, plaintiff was in all respects qualified for the positions and guaranteed work hours as a clerk.

26. Despite plaintiff's qualifications for the above-mentioned position, defendant failed and refused, and continues to fail and refuse, to provide plaintiff with consistent work hours, promotions, and employment. At all relevant times, Defendants have continued to seek persons with less seniority, and less qualifications, of younger age, of Caucasian and Asian descent for her type of work and hired person(s) of a different race and younger age for her positions, whom were no more qualified than plaintiff and had less seniority.

27. Defendants' failure to provide plaintiff with guaranteed hours, work hours, promotions, and a permanent position was intentional on account of plaintiff's race.

28. As a proximate result of defendant's discriminatory action(s) against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages and salary, benefits, and additional amounts of money plaintiff would have received if Plaintiff had been given consistent hours, guaranteed hours, promotion and permanent position. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

29. As a further proximate result of defendants' discriminatory action(s) against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss

BIRNBERG &
ASSOCIATES
1083 MISSION ST
THIRD FLOOR
SAN FRANCISCO
CA, 94103
TEL (415) 395-1940
FAX (415) 395-2001

7

of such employment-related opportunities as experience in the position from which plaintiff was excluded and consistent income.. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

30. As a further proximate result of defendant's discriminatory action(s) against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

31. Plaintiff requests back pay, front pay, and other monetary relief according to proof; for general damages according to proof; for punitive damages in an amount appropriate to punish defendant for its wrongful conduct and set an example for others; for interest on the sum of damages awarded, calculated from the date that discrimination first began to the date of judgment; for reasonable attorney's fees pursuant to Title 42 United States Code, section 1988; for costs of suit herein incurred; and for such other and further relief as the court deems proper.

## THIRD CAUSE OF ACTION

## FOR AGE DISCRIMINATION

32. Plaintiff incorporates paragraphs 1-31 as though fully set forth herein.

33. This is an action brought pursuant to the Age Discrimination in Employment Act (ADEA), Title 29 United States Code, sections 621–634, for alleged discrimination in employment against plaintiff by defendant(s) in that plaintiff alleges that defendants discriminatory acts of defendant, e.g., refused to provide Plaintiff with work, consistent

BIRNBERG & ASSOCIATES
1083 MISSION ST.
THIRD FLOOR
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

8

work, guaranteed work and favored younger, newer, less seniority employees for more hours and consistent work because of plaintiff's age. By this action, plaintiff seeks the following relief pursuant to Title 29 United States Code, section 626(b) and (c): monetary relief according to proof, including back pay, front pay, liquidated damages, prejudgment interest, attorney's fees and costs of suit, and injunctive relief, consisting of an order requiring defendant to hire plaintiff for said discriminatory treatment of plaintiff in violation of the ADEA.

34. Plaintiff is an adult person and is a resident of the County of San Mateo, State of California.

35. Plaintiff is an individual protected by the application of the ADEA, Title 29 United States Code, sections 623 and 631(a), in that plaintiff is a person who at all times herein relevant was at least 40 years of age.

36. Plaintiff is or was an employee of defendant YUSEN and has been employed by defendant YUSEN.

37. Defendant YUSEN is an employer as defined by the ADEA, Title 29 United States Code, section 630(b), in that defendant is engaged in an industry affecting commerce and has had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

38. Jurisdiction of the subject matter of this action is established in this court, under the ADEA, Title 29 United States Code, section 626(c)(1), which gives jurisdiction of any action under the ADEA to any court of competent jurisdiction.

9

39. Paragraphs 1-16 set forth specific allegations of discrimination based on unlawful failure to promote, failure to provide work hours, failure to provide guaranteed hours, and failure to provide consistent work hours to plaintiff because of her age.

40. Defendant's failure to promote, failure to provide work hours, failure to provide guaranteed hours, and failure to provide consistent work hours to plaintiff because of plaintiff's age constituted disparate treatment of plaintiff in violation of the ADEA in that defendant's action was done with intent to discriminate against plaintiff because of plaintiff's age.

41. In the alternative, defendant's discriminatory act of failure to promote, failure to provide work hours, failure to provide guaranteed hours, and failure to provide consistent work hours because of plaintiff's age was based on a policy or practice of defendant having a disparate impact on plaintiff and other persons ages 40 and above, in that it disadvantaged persons in this age group, including plaintiff, as compared to persons not in this age group, by providing work to younger and newer employees has effect on persons age 40 and above, setting forth statistical disparity or other details.

42. As all dates of Plaintiff's employment, plaintiff was in all respects qualified for consistent and guaranteed hours in her employment and plaintiff had sufficient qualifications for her employment.

43. Defendant's discriminatory action against plaintiff, which violated the ADEA, has caused and will continue to cause plaintiff lost wages, salary, earnings, and other economic benefits of employment.

44. Defendant's discriminatory action against plaintiff, which violated the ADEA, was willful, in that and an award of liquidated damages, in an amount equal to the award of

BIRNBERG & ASSOCIATES
1083 MISSION ST.
THIRD FLOOR
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

monetary damages due to plaintiff from defendant, is appropriate in this case, pursuant to Title 29 United States Code, sections 216(b) and 626(b).

45. Plaintiff has no adequate remedy at law to secure relief for the deprivation of equal employment opportunity to her by defendant. If this court does not enter an order compelling defendant to provide hours equal to the other younger employees, to the position plaintiff was working in with consistent guaranteed hours, or even a permeant position and was qualified for, plaintiff will be irreparably injured in that she was deprived of the normal pay she would have earned with normal guarantee hours.

46. On or about March 2, 2020 plaintiff filed a timely charge of discrimination against defendant YUSEN with the Department of Fair Housing and Employment pursuant to the California Fair Employment and Housing Act, Government Code Sections 12900–12996. A copy of that charge is appended hereto, marked Exhibit A and is incorporated by reference as though fully set forth. On March 2, 2020, plaintiff received notice that the Department of Fair Employment and Housing had terminated its proceedings on plaintiff's charge and gave Plaintiff a right to sue letter.

47. Wherefore, plaintiff prays relief against defendant as follows: for back pay with prejudgment interest, from the first date on which defendant violated plaintiff's rights under the ADEA, to and including the date of judgment in this case; for front pay, for the period from the date of judgment to the date at which plaintiff actually is placed by defendant in the position that she would be in, but for the discrimination; for an amount of liquidated damages, equal to the award of back pay and other lost economic benefits, due to the willfulness of defendant's violation of plaintiff's rights under the ADEA; for injunctive relief, including but not limited to an order compelling defendant to place plaintiff to the

BIRNBERG & ASSOCIATES
1083 MISSION ST.
THIRD FLOOR
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

position she was working with consistent and guarantee hours, and all other injunctive relief required to make plaintiff whole for the losses caused by defendant's violation of plaintiff's rights under the ADEA; for costs of suit herein incurred; for reasonable attorney's fees pursuant to Title 29, United States Code Sections 216(b) and 626(b); and for such other and further relief as the court deems proper.

## EXEMPLEARY DAMAGES

48. Plaintiff incorporates paragraphs 1-47 as though fully set forth herein. Plaintiff attaches California Judicial Counsel form for exemplary damages to avoid repetitive drafting.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS.

## PRAYER FOR RELIEF

1. For special and economic damages;

2. For general and non-economic damages;

3. For costs of suit including reasonable attorney's fees; and

4. For such other and further relief as the Court may deem proper.

5. For punitive damages according to proof

Dated: May 28, 2020                          BIRNBERG & ASSOCIATES

By: _____
Cory Birnberg
Attorneys for Plaintiff.

BIRNBERG &
ASSOCIATES
1083 MISSION ST.
THIRD FLOOR
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

PLD-PI-001(6)

| SHORT TITLE: Camp v. Yusen | CASE NUMBER: |
|---|---|

**Exemplary Damages Attachment**　　　　Page ___13___

ATTACHMENT TO: [X] Complaint   [ ] Cross-Complaint

EX-1. As additional damages against defendant *(name)*:
YUSEN TERMINALS, LLC., CARL LOVIO, Does 1-20

Plaintiff alleges defendant was guilty of
[X] malice
[X] fraud
[X] oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
Defendants and each of them intentionally and with reckless disregard for plainfitff'sPlantiff's rights, color, race, age and sex,discriminated against Plaintiff by hiring younger white and Asian workers, less in seniority, and proivding same with more work, guaranteed hours, and permanent positions.

EX-3. The amount of exemplary damages sought is
　　a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
　　b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CEB | Essential
ceb.com | Forms

Camp, Angela

# EXHIBIT A

COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Angela Camp

DFEH No. 202003-09456103

Complainant

vs.

Yusen Terminals LLC
701 New Dock Street
Terminal Island, California 90731

Carl Lovio
1717 Middle Harbor Road
Oakland, California 94607

Respondents

1. Respondent Yusen Terminals LLC is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant Angela Camp, resides in the City of South San francisco State of California.

3. Complainant alleges that on or about March 1, 2020, respondent took the following adverse actions:

**Complainant experienced retaliation because complainant reported or resisted any form of discrimination or harassment and as a result was laid off, suspended, demoted, denied any employment benefit or privilege, other**

**Additional Complaint Details:** started working with Yusen terminals as a temporary on call office clerical worker in September of 2017. I immediately noticed the employer had approximately 10-15 employees to which most are mainly Asian. Since my employment, one permanent worker retired who was Asian one temporary worker stepped down but worked only a month in December 2017, who was Asian. On 01-19-18, I text my manager carl Luvio, Caucasian to ask him to please assign

-1-

Complaint – DFEH No. 202003-09456403

1  me more work assignments because he never gave me much work. From the
   beginning of my employment on up to present Carl Luvio, never placed me on
2  schedule. Carl Luvio never put me in a position to get thorough job training from the
3  start of my employment up to present. there has been plenty of work availability, but
   yet Carl never gave me much work during all this time. on 1-19-18, Carl Luvio clearly
4  explained in his text to me that there are temps higher on the list than me, which
   means that he goes by seniority, that he knows its hard for me to improve that way
5  and I would just have to wait for opportunities to come up when other workers call off,
   sick or go on vacation. In February of 2018 I noticed carl bypasses my seniority and
6  placed an Asian temp on schedule for work to which she has been getting at least 2
7  or more days consistently per week. Since 1-19-18, I have saved all text
   communication between carl and myself. Proof has it that Carl never complained
8  about any of my work performance issues until December 2018, which was after I
   complained to him explaining that I'm a victim of discrimination, harassment,
9  disparate treatment and retaliation. After my complaint to both my shop steward and
   Carl, they've come up with lies regarding my work performance. Also, Carl got upset
10 and mentioned he didn't want to discuss this any further. I'm a victim of clear
11 workplace discrimination, harassment and retaliation because I complained about
   being in a protected class and my employer has taken adverse action against me. I
12 also have texts from my shop steward explaining that she's aware of Carl Luvio
   favoring Asian employees and Caucasian employees over myself. Yusen Terminals
13 Human Resources Department has recently conducted a biased investigation in
14 favor of the company.

15
16
17
18
19
20
21
22
23
24
25
26
                                -2-
27                  Complaint - DFEH No. 202003-09456402
28 Date Filed: March 2, 2020

VERIFICATION

I, Angela Camp, am the Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On March 2, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

South San francisco, Ca

-3-
Complaint – DFEH No. 202003-09456402

Date Filed: March 2, 2020